UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CURTIS LI PRUSSICK**,

Plaintiff,

-against-

**PATRICK MCDERMOTT et al**,

Defendant.

**MEMORANDUM & ORDER**
2:23-cv-8408-SJB-ST

**TISCIONE, United States Magistrate Judge:**

Before this Court are three requests from *pro se* Plaintiff Curtis Li Prussick to: (1) prevent this case from being published on Lexis Nexis; (2) to correct clerical errors; and (3) to compel the United States Marshals to serve an amended complaint on forty-four parties. For the reasons set forth below, the motions are denied.

## I.      Motion to Prevent Publication

On July 10, 2025, Plaintiff filed a motion to prevent this case from being published on the Lexis Nexis database. *See* ECF No. 17. The motion was re-filed on August 11, 2025. *See* ECF No. 20.

The basis of Plaintiff's request is: (1) he proffered with the government and does not want that information to be made public; (2) the case pertains to whether allegedly privileged communication between Plaintiff and several Defendants violated his constitutional rights; (3) Plaintiff alleges an Assistant U.S. Attorney called him a racist and such allegations would be prejudicial if made public; (4) Plaintiff alleges several Defendants abused him; (5) Plaintiff cites mental health issues that he does not wish to be made public; and (6) Plaintiff alleges several Defendants conducted an unlawful cavity search on him and he does not want that information to be made public. Plaintiff does not provide any legal basis or factual information to support the request.

-1-

Plaintiff has moved, at least three times, to seal portions of this docket and replace his name with John Doe. *See* ECF Nos. 5, 7, and 15. Those requests rely on the same arguments raised here – i.e. – that Plaintiff would be prejudiced and retaliated against by the public nature of this action. Those requests were denied for failure to provide sufficient factual information and legal support. *See* Orders dated December 4, 2023, January 22, 2024, and June 12, 2025. The motions here must be denied for the same reasons. Plaintiff fails to provide any details regarding the allegedly prejudicial effect that publication will create.

Moreover, Plaintiff's request to prevent publication must be weighed against the public's right to access judicial information. The public's access to judicial activity is a cornerstone of American jurisprudence. Courts have long recognized "the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981); *see also Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (same).

To be sure, "[t]he public interest is [] served by availability of information about 'what the courts do in fact'[.]" *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 496 (S.D.N.Y. 1994) (quoting Oliver Wendell Holmes, *The Path of the Law*, 10 Harv. L. Rev. 457 (1897). Indeed, the Second Circuit has recognized that "the vital purpose of facilitating public scrutiny of judicial proceedings . . . cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008).

To the point, Judge Sterling Johnson once held that "[i]t is neither necessary nor appropriate for this Court to demand that . . . databases remove evidence of the court's activities, particularly when . . . the public has an interest in understanding the state and development of the law." *PHL Variable Ins. Co. v. Hersko*, 2012 WL 13103132, at *3 (E.D.N.Y. Mar. 21, 2012). We agree. Plaintiff's motion to prevent this case from being published on the Lexis Nexis database is denied.

## II.     Motion to Correct and to Compel the Marshals to Serve

Next, Plaintiff requests that the United States Marshals serve the complaint and summons on his behalf. *See* ECF No. 19. Specifically, Plaintiff requests that his fully amended complaint, along with all supplemental pages, are served on forty-four parties listed in ECF No 19, and that the Court correct the docket to include these forty-four defendants on the main docket sheet. *See* ECF No. 22.

True, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4. Here, however, many of the parties that Plaintiff requests the Marshals to serve were not listed in his initial complaint. While Plaintiff did list certain John/Jane Doe defendants, it is entirely unclear which of the forty-four additional parties are previously unknown John/Jane Does, and which parties are entirely new defendants.

To the extent Plaintiff requests to add new parties to this action, such is governed by Rule 21. *See Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011) ("Where, as here, a proposed amendment adds new parties, the propriety of amendment is governed by Federal Rule of Civil Procedure 21."); *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96 (S.D.N.Y. 2010) ("To the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21[.]").

Rule 21 provides, in relevant part, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Presently, there is no justification for the Court to add new parties *sua sponte*. As such, Plaintiff's request must be made through a formal motion to add new parties. The motion must clearly identify for this Court which parties are previously unknown defendants, formerly listed as John/Jane Doe in the original complaint, and

which parties are new defendants who plaintiff seeks to add to the complaint. Further, the motion must contain legal and factual bases demonstrating why the addition of these parties are "on just terms." *Id*.

Accordingly, Plaintiff's request is denied without prejudice.

## CONCLUSION

Plaintiff's motion to prevent publication on Lexis is DENIED. Plaintiff's motion to correct clerical errors and have the Marshals serve the Amended Complaint is DENIED with leave to refile.

**SO ORDERED.**

/s/ Steven Tiscione
_____

Steven Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
February 11, 2026